UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SNI ENTERPRISES, LLC,** | Civ. No. 2:12-cv-02724 (WJM) |
| Plaintiff, | |
| v. | **OPINION** |
| **JFT ENTERPRISES,** *et al.*, | |
| Defendants. | |

### WILLIAM J. MARTINI, U.S.D.J.:

Plaintiff SNI Enterprises, LLC ("SNI") brings this action against Defendants JFT Enterprises ("JFT") and John F. Tornese, Jr. ("Tornese"). This matter comes before the Court on Defendants' motion to dismiss Counts 5, 7 and 8 of the Complaint under Federal Rule of Civil Procedure 12(b)(6), motion for a more definite statement for Counts 1, 2, 3, 4, 6, 9, and 10 under Federal Rule of Civil Procedure 12(e), and motion to transfer venue under Federal Rule of Civil Procedure 12(b)(3). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion to dismiss Counts 5, 7 and 8 is **GRANTED**; Defendants' motion for a more definite statement is **GRANTED**; and Defendants' motion to transfer venue is **DENIED**.

### I.   BACKGROUND

The following facts are drawn from the Complaint.[1] Plaintiff SNI is a New Jersey limited liability company. Compl. ¶ 1. SNI's principal member is Samantha N. Iorio, who lives in Montville, New Jersey. *Id.* Defendant JFT is a Pennsylvania corporation. *Id.* Defendant Tornese is a Pennsylvania citizen who is the sole member of JFT. *Id.* ¶ 8. Defendants regularly conduct business in New Jersey. Compl. ¶ 9.

Although the Complaint is difficult to follow, the Court has pieced together the following facts from various parts of the Complaint. In March and April of 2011,

---

[1] Plaintiff filed an Affidavit and Certification along with its opposition brief. These documents are not properly considered on a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings).

representatives of SNI engaged in negotiations with Tornese over the formation of a business association.  Compl. ¶ 14.  On May 11, 2011, SNI and JFT entered into an agreement.  Compl. ¶ 17.[2]  The agreement was "formed in the State of New Jersey."  Compl. ¶ 6.  Pursuant to this contract, SNI agreed to purchase 33 automated teller machines ("ATMs") from JFT in exchange for $100,000.  Compl. ¶¶ 15, 17.  SNI authorized JFT and Tornese to place the ATMs at locations selected by them.  Compl. ¶ 19.  Defendants placed the ATMs in New Jersey, New York, Connecticut, and Pennsylvania.  Compl. ¶ 6.  Apparently either Iorio or another (unidentified) representative from SNI received assurances from JFT that the ATMs would return a profit of $3,300 a month.  Compl. ¶ 16.  The Complaint alleges that SNI did not receive the profits it was owed.[3]  The Complaint also alleges that SNI demanded a return of its investment from Defendants, but that Defendants refused to return any part of the initial investment.  Compl. ¶ 23.

## II.  DISCUSSION

Plaintiff's Complaint asserts 10 causes of action:

(1) Count 1:  Breach of Contract;
(2) Count 2:  Failure to Account for Funds;
(3) Count 3:  Breach of Warranty and Fraud;
(4) Count 4:  Unfair Trade Practices;
(5) Count 5:  Theft by Failure to Make Required Disposition of Funds Received;
(6) Count 6:  Dishonest, Deceptive, and Fraudulent Business Practices;
(7) Count 7:  Theft by Unlawful Taking;
(8) Count 8:  Theft by Deception;
(9) Count 9:  Piercing the Corporate Veil; and
(10) Count 10:  Written Contract as Stated is Void.

Defendants move to dismiss Counts 5, 7 and 8 under Federal Rule of Civil Procedure 12(b)(6).  Defendants move for a more definite statement for Counts 1, 2, 3, 4, 6, 9, and 10 under Federal Rule of Civil Procedure 12(e).  Finally, Defendants move to transfer venue to the Eastern District of Pennsylvania under Federal Rule of Civil Procedure 12(b)(3).  The Court will address each motion in turn.

### A.  Motion to Dismiss Counts 5, 7 and 8

---

[2] The Complaint sometimes makes reference to a "written document" and other times makes reference to "oral understandings," so it is unclear whether the parties entered into a written or oral contract.  *See, e.g.*, Compl. ¶¶ 17, 19, 24, 77.

[3] Based on the Complaint, it is not clear what profits SNI did receive.  At various times, the Complaint states SNI was paid one third of the promised profits (Compl. ¶ 24), that SNI was not paid any of the promised profits (Compl. ¶¶ 22, 43), and that SNI was not able to determine the amount of profits owed (Compl. ¶ 40).

2

In Count 5, Plaintiff asserts a claim for "Theft by Failure to Make Required Disposition of Funds Received," in violation of N.J.S.A. 2C:20-9, N.J.S.A. 12A:2-309, and 18 Pa.C.S.A. § 3927(a).  Compl. at 15-16.  In Count 7, Plaintiff asserts a claim for "Theft by Unlawful Taking," in violation of N.J.S.A. 2C:20-3 and 18 Pa.C.S.A. § 3921.  Compl. at 19.  In Count 8, Plaintiff asserts a claim for "Theft by Deception," in violation of N.J.S.A. 2C:20-9 and 18 Pa.C.S.A. § 3922.  Compl. at 20.  Defendants move to dismiss these claims, arguing that these are all criminal statutes that do not create civil causes of action for theft.  The Court agrees.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In this case, Plaintiff failed to state a valid civil cause of action.  Every statute cited in Counts 5, 7 and 8 is a criminal statute, except N.J.S.A. 12A:2-309, which is an inapplicable provision of the Uniform Commercial Code.  None of these criminal theft statutes give rise to a civil cause of action for theft.  *See Dello Russo v. Nagel*, 358 N.J. Super. 254, 267 (App. Div. 2003) ("there is no civil cause of action for theft by extortion and the criminal statute does not provide a civil remedy"); *Blow v. Paterson Police Dep't*, No. 11-2128, 2012 WL 368206, at *4 (D.N.J. Feb. 3, 2012) ("Plaintiff fails to state a plausible claim for relief against any of the Defendants" because "theft by deception and extortion . . . are crimes in the State of New Jersey, not civil causes of action").  Plaintiff argues that N.J.S.A. 2C:20-20 provides a civil cause of action for victims of theft.  But the Complaint does not cite N.J.S.A. 2C:20-20, and N.J.S.A. 2C:20-20 only applies to victims of *criminal* defendants who have been *convicted* of theft.

Accordingly, the motion to dismiss Counts 5, 7 and 8 is **GRANTED**, and Counts 5, 7 and 8 are **DISMISSED WITH PREJUDICE**.

### B.  Motion for a More Definite Statement for Counts 1, 2, 3, 4, 6, 9, and 10

Defendants move for a more definite statement for the remaining counts of the Complaint, arguing that these counts are unintelligible.  Def.'s Br. at 8.  The Court agrees.

Federal Rule of Civil Procedure 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  "The prevailing standard employed by district courts in this Circuit is to grant such a motion when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself."  *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232-33 (D.N.J. 2003) (internal quotations omitted).  "Whether to grant a motion under Rule 12(e) is a matter committed largely to the discretion of the district court."  *Id.* at 232.

In this case, Plaintiff's Complaint is "so vague or ambiguous that the opposing party cannot respond." *Clark*, 213 F.R.D. at 232-33. First, many of these counts contain unintelligible legalese or incomplete sentences. *See, e.g.*, Compl. ¶¶ 55, 59. Second, Counts 1, 2, 3, 4, 6 and 10 each contain multiple causes of action, and even include different causes of action from entirely different jurisdictions. For example, Count 3 encompasses both "breach of warranty" and "fraud," even though those are separate causes of action governed by different pleading standards, and Count 4 encompasses causes of action arising from New Jersey, Pennsylvania, and federal law. Finally, a lot of basic information is missing from the Complaint. For example, the Complaint does not specify whether the parties entered into an oral or written contract, and does not specify where, when or to whom any misrepresentations were made.

Accordingly, Defendants' motion for a more definite statement for Counts 1, 2, 3, 4, 6, 9, and 10 is **GRANTED**.

### C. Motion to Transfer Venue

Defendants move to transfer venue to the Eastern District of Pennsylvania under Federal Rule of Civil Procedure 12(b)(3). The Court disagrees. Federal Rule of Civil Procedure 12(b)(3) provides for a motion to dismiss for improper venue. Fed. R. Civ. P. 12(b)(3). "Venue" is defined by statute at 28 U.S.C. § 1391, which sets forth where venue may properly be laid. Under 28 U.S.C. § 1391(b), a civil action may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). In this case, venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in New Jersey. Plaintiff is located in New Jersey. The agreement at issue was "formed in the State of New Jersey." Compl. ¶ 6. Many of the ATMs at issue are in New Jersey. *Id.* And Defendants regularly conduct business in New Jersey. Compl. ¶ 9. Accordingly, the motion to transfer venue is **DENIED**.

### III. CONCLUSION

For the reasons set forth below, Defendants' motion to dismiss Counts 5, 7 and 8 is **GRANTED**; Defendants' motion for a more definite statement for Counts 1, 2, 3, 4, 6, 9, and 10 is **GRANTED**; and Defendants' motion to transfer venue is **DENIED**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: May 2, 2013**